# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS BEALE,** ) | |
|     **Plaintiff** ) | |
| ) | |
| **vs.** ) | **C.A. No. 13-15ERIE** |
| ) | **District Judge Rothstein** |
| **JOHN E. WETZEL, et al.,** ) | **Magistrate Judge Baxter** |
|     **Defendants.** ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for sanctions [ECF No. 116] be granted. This Court further recommends that default judgment be entered against Defendant Fontella Jones for her failure to appear at a properly notice deposition.

### II.    REPORT

#### A.  Relevant Procedural History

Plaintiff, acting *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a motion for leave to proceed in forma pauperis on January 14, 2013. Since the initial filing of this action, counsel has entered an appearance on behalf of Plaintiff.

Following the resolution of dispositive motions, ten Defendants, including Fontella Jones, remained as parties to this litigation. All of these remaining Defendants are or were Department of Corrections employees and are represented by counsel from the Office of the Attorney General.

1

On November 23, 2015, this Court conducted a Case Management Conference and issued an order directing, *inter alia*, that fact discovery be completed by March 18, 2016. ECF No. 98. Between January 2016 and March 2016, seven of the ten remaining Defendants were deposed. The parties requested an extension of the discovery period and this Court granted the joint motion and extended the fact discovery deadline to April 18, 2016.

As of March 18, 2016, counsel for Defendants indicated to counsel for Plaintiff that he had not had any contact from Defendant Jones regarding her availability for deposition. On April 18, 2016, counsel for Defendants again indicated that he had been unable to contact Defendant Jones about scheduling her deposition. See ECF No. 116.

The parties requested another extension of time to complete fact discovery and that motion was granted on April 18, 2016. Fact discovery was scheduled to conclude by May 23, 2016.

On April 19, 2016, Plaintiff properly served a Notice of Deposition for Defendant Fontella Jones on counsel for Defendants. The Notice scheduled the deposition for May 20, 2016. On May 18, 2016, counsel for Defendants communicated with counsel for Plaintiff informing him that he still had not received any communication from Defendant Jones and that he did not expect her to appear for her deposition that had been noticed for May 20, 2016.

On May 20, 2016, Defendant Jones failed to appear for her properly noticed and scheduled deposition.

After an unsuccessful settlement conference held on June 1, 2016, counsel for Defendants indicated to this Court that he had been unable to reach Defendant Fontella for some time.

At a motion hearing conducted on October 12, 2016, counsel for Defendants explained that Jones is no longer employed by the Department of Corrections, that he had not had contact with Jones for several months, and that his letters to her had been returned to sender.

Jones' failure to appear for her properly noticed deposition, as well as her continued failure to communicate with her counsel, warrant the imposition of sanctions under Rule 37(d) of the Federal Rules of Civil Procedure.

Rule 37(d) provides that the Court may order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Fed.R.Civ.P.37(d)(A)(i). The Federal Rules provide that sanctions may include rendering a default judgment against the disobedient party. Fed.R.Civ.P. 37(d)(3) and 37(b)(2)(A)(vi). The Rules also provide that in addition to default judgment, the Court may require the "party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d). Subdivision (d) does not require the court to have issued an order compelling discovery prior to imposing sanctions. Norfolk Southern Ry.Co. v. Pittsburgh & West Virginia R.R., 2013 WL 6628624, at *3 (W.D. Pa. Dec.17, 2013) citing Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 302 (3d Cir. 2000).

Decisions regarding Rule 37 motions and sanctions are "committed to the sound discretion of the district court." Grayson v. Dewitt, 2016 WL 5801699, at *2 (M.D. Pa. Oct. 5, 2016) quoting DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). In exercising its discretion under Rule 37(d), the Court must employ the balancing test set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 866 (3d Cir. 1984). See U.S. v. Gavett, 2004 WL 1774579, at *2 (E.D. Pa. Aug. 9, 2004) citing Mindek v. Rigatti, 964 F.2d 1369, 1373

(3d Cir. 1992). Specifically, the Court must weigh the following six factors: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) whether there has been a history of dilatoriness in the case; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 867–68. Not all of the six Poulis factors need to weigh in favor of the movant before a court enters default judgment. Mindek, 964 F.2d at 1373.

*The extent of Defendant Jones' personal responsibility*

In considering the first factor, it appears that Defendant Fontella Jones is personally responsible for her own actions. Despite her counsel's repeated attempts to contact her, Jones has failed to respond and she failed to appear at her deposition. There is nothing in the record to suggest that counsel is at fault here.

*The prejudice to the adversary*

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). However, prejudice is not limited to "irremediable" or "irreparable" harm. Briscoe v. Klaus, 538 F.3d 252, 255 (3d Cir. 2008) citing Adams, 29 F.3d at 874. It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).

Here, Plaintiff has been prejudiced in that he has been unable to take testimony from Defendant Jones.

*A history of dilatoriness*

The third factor weighs in favor of default judgment as Jones has exhibited a pattern of dilatoriness in this case. Her counsel has repeatedly attempted to contact her over several months and Jones has not responded to these attempts. Moreover, Jones failed to appear for her properly noticed deposition.

*Willfulness or bad faith*

It is unclear whether Jones has acted willfully or in bad faith, so this fourth factor is neutral in this Court's analysis. It is worth noting at this juncture that there has been no evidence of willfulness or bad faith by the attorney representing Defendant Jones.

*Effectiveness of alternative sanctions and Meritoriousness of defense*

Without Jones participation in this lawsuit, it is impossible for this Court to make a determination as to either of these two factors.

In weighing the Poulis factors, there is no "magic formula" or "mechanical calculation." Briscoe, 538 F.3d at 263. Here, Defendant Jones is personally responsible for her failure to appear for deposition and her failure to communicate with her own counsel, there is prejudice to Plaintiff, and Jones has exhibited a history of dilatoriness. All other Poulis factors are neutral.

Accordingly, this Court recommends that Plaintiff's motion for sanctions be granted and that default judgment be entered against Defendant Jones.

## III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for sanctions [ECF No. 116] be granted. This Court further recommends that default judgment be entered against Defendant Fontella Jones for her failure to appear at a properly notice deposition.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: October 18, 2016