UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

THOMAS BEALE,

    *Plaintiff*,

v.

JOHN E. WETZEL, et al.,

    *Defendants*.

CA. NO.    13-15 Erie

ORDER ADOPTING REPORT
AND RECOMMENDATION

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed the Report and Recommendation of the Honorable Susan P. Baxter, United States Magistrate Judge, the balance of the record, and there being no Objections filed, does hereby find that:

(1) Plaintiff, acting *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on January 14, 2013. Since the initial filing of this action, counsel has entered an appearance on behalf of Plaintiff. Following resolution of dispositive motions, ten Defendants, including Fontella Jones, remain as parties to this

1

litigation. Each of these Defendants is or was employed by the Department of Corrections and is represented by counsel from the Office of the Attorney General;

(2) The parties commenced discovery and as of March 2016, most of the Defendants had been deposed. However, defense counsel indicated to Plaintiff's counsel that he had been unable to contact Defendant Jones regarding her availability for deposition. Defense counsel indicated the same in April 2016;

(3) On April 19, 2016, Plaintiff served a Notice of Deposition for Defendant Jones on defense counsel. The Notice scheduled the deposition for May 20, 2016. Defendant Jones failed to appear for the deposition;

(4) Plaintiff moved for sanctions against Defendant Jones on May 27, 2016. [Dkt. No. 116]. Defendants did not file an opposition to the motion. Thereafter, Magistrate Judge Baxter conducted a telephonic hearing on the motion. [Dkt. No. 131]. At the hearing, Defendants did not oppose the motion; rather, defense counsel explained that Defendant Jones is no longer employed by the Department of Corrections, that he had not had any contact with Jones for several months, and that his correspondence to her had been returned as undeliverable. [Dkt. No. 133];

(5) Magistrate Judge Baxter issued a Report and Recommendation recommending that Plaintiff's motion for sanctions be granted and default judgment be entered against Defendant Jones for her failure to appear at a properly noticed deposition. [Dkt. No. 136]. Objections to the Report and Recommendation were due on or before November 4, 2016. No Objections were filed;

(6) Based on the foregoing, this Court agrees that default judgment against Defendant

Jones is warranted. Decisions regarding Federal Rule of Civil Procedure 37 sanctions are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974). In exercising its discretion under Rule 37, a court must employ the balancing test set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 866 (3d Cir. 1984). Here, Plaintiff has demonstrated that she properly noticed the deposition of Defendant Jones by serving the notice on defense counsel. *See Cerami v. Robinson*, 85 F.R.D. 371, 372 (S.D.N.Y. 1980) (citing Fed. R. Civ. P. 5(a), 5(b) and 30(b)) ("Under the federal rules, service of the notice of a deposition upon a party's attorney is sufficient."); *Chagas v. United States*, 369 F.2d 643, 644 (5th Cir. 1966) (stating that proper notice is given by mailing to the party's attorney of record a copy of the notice to take deposition pursuant to the provisions of Rule 5(b), Federal Rules of Civil Procedure). Plaintiff has further established that Defendant Jones is personally responsible for her failure to communicate with her counsel and her failure to appear at her properly noticed deposition. *See* Dkt. No. 133. In addition, Plaintiff has been prejudiced by his inability to depose Defendant Jones. *See*, *e.g.*, *Alexe v. Lucent Technologies, Inc.*, 2007 WL 3026864, *3 (D. N.J. Oct. 17, 2007) (awarding sanctions for party's failure to appear for properly noticed deposition). Accordingly, based on the *Poulis* balancing test, Plaintiff is entitled to default judgment against Defendant Jones;

(7) Nevertheless, courts have held that "where liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [but] a damages hearing may not be held until the liability of each defendant has been

3

resolved." *Kidd v. Andrews*, 340 F. Supp. 2d 333, 338 (W.D.N.Y. Oct. 12, 2004) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc*., 722 F.2d 1319, 1324 (7th Cir. 1983)). The reason for this rule is to avoid inconsistent damage awards on a single claim involving joint and several liability. *Id*.; *see also Rich v. Maidstone Financial, Inc*., 2002 WL 31867724, at *1 n. 2 (S.D.N.Y. Dec. 20, 2002) ("even if the liability is joint and several and thus a default judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments").

(8) Here, Plaintiff asserts, among other claims, an Eighth Amendment claim based on exposure to Environmental Tobacco Smoke against Defendants Harlow, Hodges, Ferraro, Maloney, and Wagner, in addition to Defendant Jones. *See* Dkt. No. 64. He asserts joint and several liability against these Defendants. *Id*. at ¶¶ 295-296. Thus, to avoid the possibility of inconsistent judgments, no damage award will be entered against Defendant Jones until Plaintiff's claims against Harlow, Hodges, Ferraro Maloney, and Wagner have been resolved.

(9) Accordingly, for the foregoing reasons, the Court HEREBY ADOPTS the Report and Recommendation [Dkt. No.136], GRANTS Plaintiff's motion for sanctions [Dkt. No. 116], and GRANTS default judgment against Defendant Jones. No award of damages will be entered against Defendant Jones until Plaintiff's claim against Harlow, Hodges, Ferraro, Maloney, and Wagner has been resolved;

(10) The Clerk of the Court is respectfully directed to send copies of this Order to

4

Plaintiff, Defendants, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 7th day of November, 2016.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge