UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

THOMAS BEALE,  )
  )
    *Plaintiff*,  )  CA. NO.  13-15 Erie
  )
v.  )
  )
  )
MAXINE OVERTONE, *et al*.,  )
  )
    *Defendants*.  )
  )

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed Defendants' Motion for Summary Judgment [Dkt. No. 122], Plaintiff's Opposition thereto [Dkt. No. 141], the Report and Recommendation of the Honorable Susan P. Baxter, United States Magistrate Judge [Dkt. No. 157], Plaintiff's Objections thereto [Dkt. No. 158], the relevant legal authorities, and the balance of the record, HEREBY finds and rules as follows:

(1) Plaintiff Thomas Beale is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and currently resides at State Correctional Institution at Albion ("SCI-Albion").

(2) Following the Pennsylvania General Assembly's passage of the Clean Indoor Air

1

Act in 2008, the DOC banned all indoor smoking at any DOC facility, including SCI-Albion. Nevertheless, the parties agree that indoor smoking is common at SCI-Albion.

(3) Throughout his time at SCI-Albion, Plaintiff has repeatedly complained about the presence of environmental tobacco smoke ("ETS") at the facility. Plaintiff, who is allergic to cigarette smoke, has complained of shortness of breath, wheezing, coughing, and other asthmatic symptoms. He has also experienced occasional incidents of syncope, during which he loses consciousness. Plaintiff submitted several formal grievances through the prison grievance system concerning his allegations of excessive ETS exposure and the lack of the enforcement of the prison's anti-smoking policy.

(4) Plaintiff alleges that shortly after he filed the grievances, a number of incidents occurred that he contends were done in retaliation for his filing the grievances.

(5) Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 against a number of DOC officials and officers, asserting an Eighth Amendment claim based on Plaintiff's "involuntary exposure to [ETS], inadequate prison conditions, inadequate medical treatment, official oppression, failure to supervise and failure to train" and a First Amendment retaliation claim based on Defendants allegedly "withholding outgoing mail, sexual assault, falsely judging in sanction of an Informal Resolution Process, damage to private property, confiscation of legal material, failing to supervise and failure to train." Dkt. No. 64 at ¶¶ 1, 284-291.

(6) Defendants moved to dismiss Plaintiff's lawsuit, alleging among other arguments, that he failed to adequately allege certain Defendants' personal involvement in the

alleged violations, failed to state a claim for deliberate indifference on the part of Defendants in non-medical positions with the DOC, failed to state a claim for First Amendment retaliation, and failed to state a claim against Defendants in their official capacity. Dkt. Nos. 68.

(7) Defendants' motion to dismiss was granted in part and denied in part. Dkt. No. 84. As such, the following claims remain: (1) an Eighth Amendment claim based on exposure to ETS with respect to Defendants Michael Harlow (Superintendent of SCI-Albion from 2010 to 2013), Harold Hodge (Corrections Officer serving as a Housing Sergeant at SCI-Albion), F.L. Jones (Corrections Officer), Gary Ferraro (Corrections Officer serving as a Housing Officer), William Maloney (Corrections Officer serving as a Housing Sergeant), and Michelle Wagner (Plaintiff's Unit Manager) and (2) a First Amendment retaliation claim against Wagner, Boyd Sullivan (Corrections Officer), Tracy Lindsey (Corrections Officer), Steven Williamson (Corrections Officer), and Alexander Pierce (Corrections Officer).

(8) On September 2, 2016, the remaining Defendants moved for summary judgment on Plaintiff's remaining claims. Dkt. No. 122. Magistrate Judge Baxter issued the instant Report and Recommendation on July 28, 2017. Dkt. No. 157. The Report and Recommendation recommends that this Court: (1) deny Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment claim against Defendants Harlow, Hodge, Jones, Ferraro, Maloney, and Wagner, (2) deny Defendants' motion as to Plaintiff's First Amendment Retaliation claim against Wagner, and (3) grant the motion as to Plaintiff's First Amendment Retaliation claim against Defendants Sullivan, Lindsey, Williamson, and Pierce. Dkt. No. 157

at 23.

(9) Plaintiff timely objected to the portion of the Report and Recommendation recommending that this Court grant Defendants' summary judgment motion on Plaintiff's First Amendment retaliation claim against Defendants Sullivan, Lindsey, Williamson, and Pierce. Dkt. No. 158. Defendants did not respond to Plaintiff's Objections.

(10) Plaintiff bases his First Amendment retaliation claims against Defendants Sullivan, Lindsey, Williamson, and Pierce on two searches of his cell that occurred on December 23, 2011 (Sullivan and Lindsey) and February 17, 2012 (Williamson and Pierce), as well as a written misconduct report issued to Plaintiff by Defendant Lindsey as a result of the December 23, 2011 search. Plaintiff argues that these searches were done in retaliation for his filing formal grievances regarding his exposure to ETS. Magistrate Judge Baxter recommends that these claims be dismissed because Plaintiff cited to no evidence that would allow a reasonable jury to conclude that Defendants Sullivan, Lindsey, Williamson, and Pierce were aware of Plaintiff's protected activity (*i.e*., filing grievances) before they took their adverse action (*i.e*., searching his cell). Plaintiff counters that there is sufficient evidence in the record for a jury to reasonably draw a causal connection between Plaintiff's protected activities and Defendants' actions.

(11) It is not necessary for this Court to reach a conclusion regarding the sufficiency of Plaintiff's evidence on his First Amendment retaliation claim against Defendants Sullivan, Lindsey, Williamson, and Pierce, because, even if these Defendants were aware of Plaintiff's protected activities and searched his cell in retaliation for the

4

protected activities, the searches are not a sufficient adverse action to establish a First Amendment retaliation claim. Third Circuit precedent is clear: "the search of a cell is not a sufficient adverse action for purposes of a [First Amendment] retaliation claim, irrelevant of whether it is" done in response to a plaintiff's constitutionally protected conduct. *Banks v. Rozum*, 2015 WL 1186224, *7 (W.D. Pa. March 13, 2015); *aff'd*, 639 Fed. Appx. 778, 781-83 (3d Cir. 2016); *Curtician v. Kessler*, 2010 WL 6557099, *7 (W.D. Pa. 2010) (noting that "courts have consistently held that a cell search is not an 'adverse action' for retaliation purposes"); *see also*, *Lashley v. Wakefield*, 367 F. Supp. 2d 461, 470 (W.D.N.Y. 2005) (dismissing First Amendment retaliation claim based on cell searches because "inmates have no constitutional protection from cell searches, even those conducted for retaliatory purposes"); *Jones v. Harris*, 665 F. Supp. 2d 384, 398 (S.D.N.Y. 2009) ("[N]either the United States Supreme Court nor the Second Circuit has ever held that a cell search can be the basis of a First Amendment retaliation claim.").

(12) Likewise, the written misconduct report issued by Defendant Lindsey cannot be the basis for a First Amendment retaliation claim against Defendant Lindsey. The written report states that Plaintiff "had a pair of broken Koss headphones that where [*sic*] altered and also did not belong to him" which constituted a Class I Charge (Possession of contraband, destroying, altering, tampering with or damaging property). Dkt. No. 125-2, Ex. 11. "[F]iling a false misconduct report is cognizable as a denial of due process when the false misconduct charge is filed for the 'sole purpose of retaliating against an inmate for his/her exercise of a constitutional right

such as his or her right to file a grievance[.]'" *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 702-703 (M.D. Pa. 2015) (quoting *Smith v. Mensinger*, 293 F.3d 641, 653-654 (3d Cir. 2002)). However, here, Plaintiff admits that he had possession of the broken headphones. Dkt. No. 142 at ¶ 507. Therefore, the misconduct report cannot be the basis for a First Amendment retaliation claim against Defendant Lindsey.

(13) Thus, this Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baxter in full. Defendants' motion for summary judgment is granted in part and denied in part, as follows:

    (a) Defendants' motion for summary judgment on Plaintiff's Eighth Amendment claim based on exposure to ETS is DENIED with respect to Defendants Harlow, Hodge, Jones, Ferraro, Maloney, and Wagner;

    (b) Defendants' motion for summary judgment on Plaintiff's First Amendment retaliation claim is DENIED with respect to Defendant Wagner; and

    (c) Defendants' motion for summary judgment on Plaintiff's First Amendment retaliation claim is GRANTED with respect to Defendants Sullivan, Lindsey, Williamson, and Pierce.

(14) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 27th day of September, 2017.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge