IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS BEALE,** | ) | CIVIL ACTION NO. 1:13-15 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN WETZEL et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION</u>

Pending before the court is a motion to enforce settlement agreement (ECF No. 216) filed by pro se plaintiff Thomas Beale ("Beale"), currently an inmate at SCI-Chester. Defendants filed a response in opposition (ECF No. 218), and submitted for *in camera* review certain Vote Sheets. The court held an evidentiary hearing on May 26, 2021. The hearing was scheduled to resume today, July 21, 2021, but Beale reported he was not prepared to proceed. Beale represented to the court that there is another inmate in his cell. The hearing will resume on July 27, 2021 at 2:30 p.m.

Injunctive relief is an extraordinary remedy. As a threshold matter, Beale must establish the two "most critical" factors: likelihood of success on the merits and irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). If these "gateway factors" are satisfied, the court considers the third and fourth factors: the potential for harm to others if relief is granted, and whether the public interest favors injunctive relief. *Id*. at 176, 179. Preliminary injunctive relief is warranted because, after review of the documents submitted by the parties and the testimony at the initial hearing, the court finds that Beale has established a strong likelihood of

success on the merits, would be irreparably harmed in the absence of relief, defendants would not be harmed, and entry of the order is consistent with public policy.

    1.   Likelihood of success on the merits

Beale is seeking to enforce the terms of a settlement agreement which resolved Civil Action No. 13-15.  This court retained jurisdiction to enforce the settlement.  As relevant to the pending dispute, under the terms of the agreement, "the Department of Corrections ("DOC") agrees that Plaintiff will be given single cell status for one year, and **the single-cell status will continue for subsequent one-year periods thereafter**, subject to annual review at the end of each one-year period, at which time DOC may revoke the single-cell status **based on a good faith determination of Plaintiff's behavior/rule compliance and the Department's penological needs**."  (ECF No. 204-1 at 2-3) (emphasis added).

In other words, the single-cell status must remain in effect unless the DOC articulates a valid basis to remove it.  The Vote Sheets reflect a misperception by DOC personnel that the single-cell status needed to be in effect for only one year.  The Vote Sheets do not point to any misbehavior or lack of rule compliance by Beale and they do not point to a change in the department's penological needs.  In sum, upon the court's in camera review, Beale is likely to prove that defendants breached the settlement agreement by revoking his single-cell status.

    2.   Irreparable harm

The court accepts Beale's representation, supported by multiple declarations submitted to the court, that he has been forced to have another inmate in his cell and that he is currently sharing his cell.  Beale further reports that the inmates assigned to his cell have not been vaccinated for the Covid-19 virus.  The court finds that the failure to maintain Beale in single-cell status constitutes irreparable harm.

3. Harm to defendants or others

The court perceives no harm to defendants or others that may arise from compliance with this order.  Defendants did not articulate any possible harm.  The relief granted is narrowly tailored, i.e., enforcement of Beale's contractual right to single-cell status until the court can make a final determination.  The hearing is scheduled to continue on July 27, 2021 (less than one week from today).

4. Public policy

The court instructed defense counsel to coordinate with the DOC to ensure that Beale was available to participate.  The evidentiary hearing set for today, July 21, 2021, had to be postponed because Beale claimed he was not notified of the purpose of the proceeding and was not able to prepare.  In addition, requiring the DOC to comply with the terms of the settlement agreement it reached with Beale is consistent with public policy.

5. Bond

The bond requirement is waived.  Beale would suffer a hardship because, as an incarcerated inmate, he does not have the financial ability to post a bond, and there will be no possible economic lost, costs or damages imposed on the DOC associated with this injunctive relief.  *Marland v. Trump*, 498 F. Supp. 3d 624, 644 (E.D. Pa. 2020); Federal Rule of Civil Procedure 65(c).

An appropriate Order will be entered.

Dated: July 21, 2021

                                               /s/ Joy Flowers Conti
                                               United States District Judge