IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS BEALE,** | ) | CIVIL ACTION NO.  1:13-15 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN WETZEL, Secretary of Corrections, PA Department of Corrections, et. al.,** | ) ) ) | |
| Defendants. | | |

MEMORANDUM OPINION

Pending before the court is a motion to enforce settlement agreement (ECF No. 216) filed by pro se plaintiff Thomas Beale ("Beale"), currently an inmate at SCI-Chester.  Defendants (collectively, Department of Corrections ("DOC")), initially filed a response in opposition to the motion (ECF No. 218).  At a hearing on July 27, 2021, counsel for the DOC conceded that the motion should be granted.

Procedural History

Beale contends that the DOC wrongfully removed his single-cell (or Z-code) status. The court held an evidentiary hearing on Beale's motion on May 26, 2021.  Defendants submitted for *in camera* review certain Vote Sheets.  The hearing was scheduled to resume on July 21, 2021, but Beale reported he was not prepared to proceed.  Beale represented to the court that there was another inmate in his cell.  The court issued a preliminary injunction order and opinion (ECF Nos. 228, 229), directing that Beale be maintained in single-cell status until the hearing resumed

on July 27, 2021. Based upon the DOC's concession that it will apply the settlement agreement as interpreted in the preliminary injunction order, that order will be converted to a permanent injunction.

Discussion

Injunctive relief is an extraordinary remedy. As a threshold matter, Beale must establish the two "most critical" factors: likelihood of success on the merits and irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). If these "gateway factors" are satisfied, the court considers the third and fourth factors: the potential for harm to others if relief is granted, and whether the public interest favors injunctive relief. *Id*. at 176, 179. Injunctive relief is warranted because, after review of the documents submitted by the parties, the testimony at the initial hearing, and the DOC's concession, the court finds that Beale has established success on the merits, Beale would be irreparably harmed in the absence of relief, defendants would not be harmed, and entry of the order is consistent with public policy.

1. Success on the merits

Beale is seeking to enforce the terms of a settlement agreement which resolved Civil Action No. 13-15. This court retained jurisdiction to enforce the settlement. As relevant to the pending dispute, under the terms of the agreement, "the Department of Corrections ("DOC") agrees that Plaintiff will be given single cell status for one year, and **the single-cell status will continue for subsequent one-year periods thereafter**, subject to annual review at the end of each one-year period, at which time DOC may revoke the single-cell status **based on a good faith determination of Plaintiff's behavior/rule compliance and the Department's penological needs**." (ECF No. 204-1 at 2-3) (emphasis added).

In other words, the single-cell status must remain in effect unless the DOC articulates a valid basis to remove it. At the July 27, 2021 hearing, DOC counsel represented that no basis currently exists to remove Beale's single-cell status. The Vote Sheets reflect a misperception by DOC personnel that the single-cell status needed to be in effect for only one year. The Vote Sheets do not point to any misbehavior or lack of rule compliance by Beale and they do not point to a change in the department's penological needs. In sum, defendants breached the settlement agreement by revoking his single-cell status.

To be clear, the DOC retains the right, under the terms of the parties' settlement agreement, to conduct annual reviews of Beale's single-cell status. That status may only be revoked if the persons involved in the Annual Review of Z-code status, acting in good faith, articulate misbehavior or lack of rule compliance by Beale or a change in the DOC's penological needs. Defense counsel shall ensure that all persons involved in Annual Review of Beale's Z-code status are familiar with the terms of this opinion and permanent injunction order. If Beale's single-cell status is revoked, he retains the right to challenge that action for lack of good faith.

2. Irreparable harm

The court accepts Beale's representation, supported by multiple declarations submitted to the court, that he has been forced to have another inmate in his cell. Beale further reports that the inmates assigned to his cell have not been vaccinated for the Covid-19 virus. The court finds that the failure to maintain Beale in single-cell status constitutes irreparable harm.

3. Harm to defendants or others

The court perceives no harm to defendants or others that may arise from compliance with this order. Defendants did not articulate any possible harm and represented they would comply with the settlement agreement, as interpreted by the court. The relief granted is narrowly

tailored, i.e., enforcement of Beale's contractual right to single-cell status as set forth in the settlement agreement.

4. Public policy

Requiring the DOC to comply with the terms of the settlement agreement it reached with Beale is consistent with public policy.

5. Bond

The bond requirement, to the extent it is applicable to a permanent injunction, is waived. Beale would suffer a hardship because, as an incarcerated inmate, he does not have the financial ability to post a bond, and there will be no possible economic lost, costs or damages imposed on the DOC associated with this injunctive relief. *Marland v. Trump*, 498 F. Supp. 3d 624, 644 (E.D. Pa. 2020); Federal Rule of Civil Procedure 65(c). The DOC did not request bond.

An appropriate Order will be entered.

Dated: July 28, 2021

/s/ Joy Flowers Conti
Senior United States District Judge
