IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS BEALE,** | ) CIVIL ACTION NO. 1:13-15 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **JOHN WETZEL, Secretary of Corrections, PA Department of Corrections, et. al.,** | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Pending before the court is a "motion for illegal settlement agreement and release of claim" (ECF No. 235) filed by pro se plaintiff Thomas Beale ("Beale"). Defendants (collectively, the Department of Corrections ("DOC")) filed a response in opposition to the motion (ECF No. 237). The motion is ripe for decision.

Procedural History

Beale is an inmate in the custody of the Pennsylvania Department of Corrections and is currently incarcerated at SCI-Chester. Beale initiated a civil rights lawsuit in 2013, which the parties resolved by entering into a settlement agreement in August, 2018. Beale attached the agreement as an exhibit to the pending motion (ECF No. 235-1).

The settlement agreement provides, in relevant part:

AS FURTHER CONSIDERATION FOR THIS RELEASE, the Department of Corrections agrees that Plaintiff will remain housed at the State Correctional Institution at Chester until his DOC number DM-4850 is complete, subject to any good faith changes required based on Plaintiff's behavior/rule compliance and the Department's penological needs.

*Id.* at 2.

The DOC attached a misconduct report as an exhibit to its response (ECF No. 237-1). The misconduct report reflects that on June 23, 2024, Beale struck another inmate "multiple times with a closed fist in the head and face." *Id.*

On July 31, 2024, Beale was notified in writing by the DOC that he would be relocated from SCI-Chester in the near future (ECF No. 235 ¶ 12). Beale attached the letter as an exhibit to his motion (ECF No. 235-1 at 8-9). The letter reflects that on July 3, 2024, Beale was found guilty of misconduct due to the June 23, 2024, incident and that "[t]his assault warranted a separation between you and the victim." *Id.* The letter referenced the parties' settlement agreement (including the provision that Beale remain housed at SCI-Chester), but explained that "the DOC has good faith changes based on your behavior and the penological need to separate you and the victim." *Id.* In its response, the DOC explained that Beale was being removed from SCI-Chester because he was the instigator (ECF No. 237 ¶ 17). Beale asks the court to reverse the DOC's action (ECF No. 235 at 7).

Discussion

As an initial matter, the court does not interpret Beale's motion as a request to invalidate the settlement agreement. The settlement agreement is the only source of authority for Beale's claim that he is entitled to remain at SCI-Chester. Instead, the court understands Beale to allege that the DOC breached its obligations under the settlement agreement and to ask the court to enforce the provision of the settlement agreement that Beale remain at SCI-Chester.

As recently explained in *Profit Point Tax Technologies, Inc. v. DPAD Group, LLP*, No. 2:19-CV-698, 2024 WL 4436426 (W.D. Pa. Oct. 7, 2024):

2

> Settlement agreements are construed according to traditional principles of contract law. *Coltec Industries v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002) (citing *In Re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000)) ("basic contract principles ... apply to settlement agreements ...."). "Under Pennsylvania law, the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 298-99 (3d Cir. 1986) (citations omitted).

Id. at *2.

Here, there is no dispute that the settlement agreement is enforceable. Both sides recognize its existence and have manifested their intent to be bound by its terms for over six years.

The real question is whether the DOC would breach the terms of the Settlement Agreement by relocating Beale away from SCI-Chester. The court concludes that there would be no breach of the settlement agreement under the circumstances set forth in this record.

The DOC did not make an unqualified promise to keep Beale at SCI-Chester. There were two conditions. The DOC's duty was "subject to any good faith changes required based on": (1) "Plaintiff's behavior/rule compliance"; and (2) "the Department's penological needs." (ECF No. 235-1 at 2). The record reflects that Beale was involved in a serious behavior/rule compliance violation – namely, Beale assaulted another inmate. Beale did not deny the misconduct. As a result of the assault, the DOC asserts a penological need to separate the two inmates involved in the incident. Beale does not dispute the DOC's asserted penological need. In summary, the DOC would be justified in relocating Beale away from SCI-Chester because he assaulted another inmate at that institution.

Conclusion

For the reasons set forth above, the "motion for illegal settlement agreement and release of claim" (ECF No. 235) will be DENIED.

An appropriate Order will be entered.


Dated: December 3, 2024               BY THE COURT:


                                      /s/ Joy Flowers Conti
                                      Senior United States District Judge